Henry J. Belec
vs. Eq. No. 619.
Konstantin Basinsky

December 30, 1933.

FROST, J. Heard on bill, answer and proof.

This is a bill of complaint brought to compel the specific performance of an alleged agreement for the sale of two lots of land situated in the town of Coventry.

The complainant, a real estate broker, testified that in June of this year he went, accompanied by his nephew and another young fellow, to Washington Street in Providence, where the respondent lived; that the latter came out to the sidewalk and complainant offered $900 for two lots of land in Coventry which the respondent owned and which he had purchased earlier from the complainant; that the offer of $900 was refused; that he finally went to $1,050, which offer was ac-

cepted; that a few days later he sent to the respondent a check for $100 on which was written the words: "On acc't for lots 59-60 Sec. 2 Balance of $950 in 90 days"; that within 90 days he was ready to complete the agreement by the payment of the balance of the purchase price but the respondent declined to give him a deed conveying the land.

The respondent is an elderly man, sixty-eight years of age. He admitted the conversation in the early part of June but denied that the complainant and he reached an agreement for the sale of the land. He admitted receiving the check for $100 and testified that because he lived in a rooming house he thought it necessary to deposit the check for safe-keeping until he could see the complainant; that on June 11th he went to Tiogue Lake to see the complainant; that he found a person there working on the land who said that he had an agreement of sale with his, Basinsky's, name on it; that on the 24th of June he drew out of the bank $100 and sent it in the form of a money order to the complainant.

The complainant does not claim an agreement in writing for the sale of the land but does insist that there was an oral agreement of which the check endorsed by the respondent is a memorandum in writing sufficient to satisfy the statute of frauds. Complainant further contends that there was a part performance of the agreement of sale, thereby taking it out of the statute.

It is necessary first, of course, for complainant to establish as a fact an agreement whereby the respondent was to sell certain land to the complainant. The Court is not convinced that such has been done. The respondent, as has been said, is an old gentleman but he seemed possessed of a clear mind and was emphatic and convincing in his denial of an agreement to sell his lots. Such delay as there was in returning the check might in many cases be taken

against a respondent but in this case the excuse seemed reasonable to the Court. That the complainant was anxious to purchase the land was evident since he shortly entered into an agreement to resell the land, using in the agreement the name of Basinsky without the latter's permission. It may well be that this eagerness to obtain the land for the purpose of resale caused an interpretation of the conversation on Washington Street in the early part of June that was not warranted by the words themselves.

Reaching the conclusion that the Court has, it is unnecessary to consider whether the check for $100 with its endorsement constituted such a memorandum in writing as to satisfy the statute or whether because of improvements, &c., made upon the land a memorandum in writing is unnecessary.

In the judgment of the Court the complainant is not entitled to the relief for which he prays.

For complainant: George Roche.

For respondent: Arthur P. Johnson.